IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KESHAV G. MANGAL and
MUKESH MANGAL                                                                      PLAINTIFFS

v.                                                          CAUSE NO. 1:19CV232-LG-RHW

CITY OF PASCAGOULA, JACKSON
COUNTY, MS                                                                          DEFENDANT

## ORDER DENYING DEFENDANT'S MOTION TO SEAL FIRST AMENDED COMPLAINT AND FOR PROTECTIVE ORDER

**BEFORE THE COURT** is the [16] Motion to Seal First Amended Complaint and for Protective Order filed by Defendant City of Pascagoula. The Motion asks the Court to restrict from public access Plaintiffs' [15] First Amended Complaint because it contains statements purportedly made by the City's attorney in the course of providing legal advice to the City. The Motion also asks the Court to enter a protective order prohibiting further disclosure of privileged information. Plaintiffs respond, arguing that the alleged statements were made in the context of an open, public meeting, and therefore not subject to attorney-client privilege. Having considered the submissions of the parties, the record, and relevant law, it is the Court's opinion that the City's Motion should be denied.

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014). "[A]ll pleadings and other materials filed with the court ('court records') become a part of the public record of the court," such that there is a presumption that court records are in the public domain. L.U.

Civ. R. 79(a); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[M]atters of public record . . . includ[e] documents on file in federal or state court."); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records . . . ."). Indeed, the common law right of public access to judicial documents "establishes a presumption of public access to judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

The attorney-client privilege protects communications made in confidence by a client to his or her lawyer for the purpose of obtaining legal advice. *Hodges, Grant & Kaufmann v. U.S. Gov't Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). "The attorney-client privilege is an evidentiary rule," *United States v. Ruehle*, 583 F.3d 600, 606 n.6 (9th Cir. 2009) – a "testimonial privilege," *United States v. White*, 970 F.2d 328, 336 (7th Cir. 1992) – thus its purpose is to prevent the forced disclosure of confidential communications between lawyer and client in judicial proceedings. "Consequently, so long as no evidence stemming from the breach of the privilege is introduced at trial, no prejudice results." *White*, 970 F.2d at 336.

Here, no evidence is being introduced. Plaintiffs have simply alleged in their First Amended Complaint that a city attorney advised the City that its use of Mississippi's quick take procedure to gain possession of Plaintiffs' property was improper. There is no sworn statement from the City's attorney to that effect, nor is there a copy of written communication from the City's attorney. Before the Court is simply the allegation, by a third party to the attorney-client relationship, that the

City's attorney provided the City with legal advice and the City disregarded that advice.

The cases relied upon by the City are materially distinguishable. In *Robertson v. Alvarado*, No. 3:18-CV-487-J-34MCR, 2018 WL 1899052 (M.D. Fla. Apr. 20, 2018) the court sealed an unredacted version of the complaint in a shareholder derivative suit. A derivative suit is essentially an internal dispute, and the court found that sealing was necessary to avoid disclosure of CSX, Corp.'s "non-public, commercially sensitive, confidential, proprietary, and privileged information." *Robertson*, 2018 WL 1899052, at *2. Similarly, *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7 (1st Cir. 1998), was a suit brought by a former in-house counsel against his former employer (and client), Putnam Investments. The complaint and subsequent filings were presumably sealed because Putnam Investments' former attorney was not permitted to divulge Putnam's privileged information.[1] Unlike either of these cases, the present case involves outside third parties – the plaintiffs – alleging what they believe to have been the legal advice received by the City.

The attorney-privilege also does not support issuance of a protective order preventing Plaintiffs and their counsel from eliciting additional privileged information from the City's attorney.

---

[1] The district court sealed the filings, but later, after a hearing, unsealed at least some of the filings. This decision to unseal was appealed, and the First Circuit reversed the decision to unseal because the hearing record did not reflect adequate justification for the decision to unseal – not because attorney-client privilege clearly required the filings remain sealed.

– 3 –

> [A] voluntary, out-of-court interview is not a "stage of [an] action;" nor is it one "authorized by law" in which "testimony can be compelled." Thus, a court's authority to "protect" the attorney-client privilege simply does not extend, at least absent some compelling circumstance, to non-compelled, voluntary, out-of-court interviews, any more than it does to an after-dinner conversation. The attorney-client privilege is a rule of evidence. It does not provide a legal basis to support issuance of the district court's "protective order," which purports to bar out-of-court interviews to which the rules of evidence do not apply.

*Wharton v. Calederon*, 127 F.3d 1201, 1205-06 (9th Cir. 1997). The City's attorney is not party to this lawsuit or otherwise before the Court. If the City is concerned about its attorney divulging privileged information, that is a matter for the City to take up with its attorney. Moreover, nothing in the aforementioned analysis requires the City to publicly divulge privileged information in responding to Plaintiffs' allegations. *See BBL, Inc. v. City of Angola*, No. 1:13-CV-76, 2013 WL 2383659, at *4 (N.D. Ind. May 29, 2013) ("As Defendants point out, many of these paragraphs touch on Attorney Bergthold's representation of both the City in this matter as well as other governmental entities. . . . As such, requiring Defendants to respond to these allegations could implicate attorney-client privileges.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [16] Motion to Seal First Amended Complaint and for Protective Order filed by Defendant City of Pascagoula is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 28th day of August, 2019.

> _s\ Louis Guirola, Jr._
> LOUIS GUIROLA, JR.
> UNITED STATES DISTRICT JUDGE